UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN EDWARD MILLER,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. C05-5817RJB
CR90-1081JET

ORDER DISMISSING CASE

This matter comes before the court on petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Dkt. 1. The court has considered the relevant documents and the file herein.

PROCEDURAL HISTORY

On May 2, 1991, petitioner was convicted by a jury of four counts of Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d), and four counts of use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). Dkt. 6, Judgment in a Criminal Case. On July 1, 1991, petitioner was sentenced to a total term of imprisonment of 1254 months, to run consecutive to a sentence petitioner had received in the U.S. District Court for the Northern District of Iowa. *Id.*

Petitioner appealed the judgment and sentence. On July 6, 1993, the Ninth Circuit U.S. Court of Appeals affirmed the conviction. *United States v. Miller*, CCA No. 91-30278, 999 F.2d 545, 1993 WL 242985 (9th Cir. 1993).

On March 4, 2005, petitioner filed a document captioned "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) and the United States Supreme Court." CR90-1081JET, Dkt. 73. On June 20, 2005, United States District Judge Jack E. Tanner denied the motion. CR90-1081JET, Dkt. 81. Petitioner appealed that order to the Ninth Circuit, and that appeal is pending.

On December 19, 2005, petitioner filed this motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. C05-5817RJB, Dkt. 1. In his request for relief, petitioner also requested that the court appoint counsel. *Id.*

CLAIMS

In his motion, petitioner presents the following claims: (1) he was denied his constitutional right to trial by jury and notice of charges as protected by the Fifth and Sixth Amendments to the United States Constitution; (2) he was denied effective assistance of counsel at trial, at sentencing, and on appeal, as guaranteed by the Fifth and Sixth Amendments to the Constitution; and (3) he is actually innocent of the enhancement to his sentence, which is unconstitutional under *United States v. Booker*, 125 S.Ct. 738 (2005). See C05-5817RJB, Dkt. 1 and 2.

LEGAL STANDARD

A prisoner in custody pursuant to a judgment and sentence imposed by the federal court, who claims the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255.

DISCUSSION

**1. Limitations Period**

28 U.S.C. § 2255 provides in pertinent part as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if

that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

On July 6, 1993, the Ninth Circuit U.S. Court of Appeals affirmed petitioner's conviction. The conviction became final on October 5, 1993, when the 90 days for filing a petition for a writ of *certiorari* expired. *See Clay v. United States*, 537 U.S. 522, 527-28 (2003)(conviction becomes final when opportunity for direct appeal has been exhausted). While 28 U.S.C. § 2255(1) provides that the one year limitations period runs from the date a prisoner's conviction becomes final, those whose convictions became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) had a one-year period from its effective date–until April 23, 1997–to file timely motions under § 2255(1). *See Tworivers v. Lewis,* 174 F.3d 987, 996 n. 7 (9th Cir.1999). Petitioner did not file this motion prior to April 23, 1997. The one year limitations period has long since passed. The motion is barred by the limitations period of 28 U.S.C. § 2255.

With regard to petitioner's claims based on the U.S. Supreme Court's decision in *Booker*, the Supreme Court has not, at this point, made *Booker* retroactive to cases on collateral review. The Ninth Circuit has determined, under the analysis of *Teague v. Lane,* 489 U.S. 288, 310 (1989), that *Booker* does not apply retroactively on collateral review to convictions that became final prior to *Booker's* pronouncement. *United States v. Cruz*, 423 F.3d 1119, 1120 (9th Cir. 2005), *cert denied*, *Cruz v. U.S.*, 126 S.Ct. 1181 (January 23, 2006). Accordingly, the exception to the statute of limitations in 28 U.S.C. § 2255(3), set forth above, does not apply.

Finally, petitioner has not shown grounds for tolling the statute of limitations. The court should dismiss this Section 2255 motion as barred by the limitations period of 28 U.S.C. § 2255.

The court notes that petitioner previously filed a "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) and the United States Supreme Court." CR90-1081JET, Dkt. 73. The court need not reach the issue of whether the current motion under 28 U.S.C. § 2255 is a second or successive motion under Section 2255.

**2. Request for Appointment of Counsel**

In his Section 2255 motion, petitioner requests that the court appoint counsel. See C05-05817RJB, Dkt. 1, at 13. Because this motion is barred by the limitations provision of 28 U.S.C. § 2255, appointment of counsel is not warranted. Petitioner's request for appointment of counsel should be denied.

Therefore, it is hereby

**ORDERED** that petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 1) is **DISMISSED.** Petitioner's request for appointment of counsel (Dkt. 1) is **DENIED**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 20th day of March, 2006.

Robert J. Bryan
United States District Judge