UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN EDWARD MILLER, | Case No.  C05-5817RJB |
| Petitioner, | CR90-1081JET |
| v. | |
| UNITED STATES OF AMERICA, | ORDER DISMISSING CASE |
| Respondent. | |

This matter comes before the court on a document captioned "Movant's Pro Se Reply to Government's Response to § 2255 Motion." Dkt. 9. The court has considered the relevant documents and the file herein.

PROCEDURAL HISTORY

On December 19, 2005, petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. C05-5817RJB, Dkt. 1. In his request for relief, petitioner also requested that the court appoint counsel. *Id.*

The motion was noted for consideration on the court's March 20, 2006 calendar. On March 20, 2006, the court issued an order, dismissing the motion as barred by the limitations period of 28 U.S.C. § 2255, and denying petitioner's request for appointment of counsel. Dkt. 8. On March 20, 2006, after that order was entered, the court received petitioner's reply to the government's response. Dkt. 9. In the interests of fairness, the court has considered petitioner's reply.

ORDER
Page - 1

1  In his reply, petitioner argues that this motion is timely because (1) the time limit to challenge to his sentence under *United States v. Booker*, 125 S.Ct. 738 (2005) did not begin to run until *Booker* was decided on January 12, 2005; and (2) he filed this Section 2255 motion on December 19, 2005, within the one year specified in 28 U.S.C. § 2255(3). Petitioner also argues that the court was without jurisdiction to convict and sentence him because the government did not prove that the financial institutions at issue in his bank robbery convictions were federally insured, and that this qualifies as newly discovered evidence under 28 U.S.C. § 2255(4).

The court has carefully considered petitioner's arguments. The *Booker* issue he raises in his reply was fully addressed in the court's March 20, 2006 order. Further, his claim that the government did not prove that the financial institutions were federally insured does not qualify as newly discovered evidence under 28 U.S.C. § 2255(4). Petitioner's motion is time barred under 28 U.S.C. § 2255. The court should affirm the March 20, 2006 order dismissing the case and denying appointment of counsel.

Therefore, it is hereby

**ORDERED** that the court's March 20, 2006 order (Dkt. 8) is **AFFIRMED**. Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 1) is **DISMISSED.** Petitioner's request for appointment of counsel (Dkt. 1) is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 22nd day of March, 2006.

/s/ Robert J. Bryan
Robert J. Bryan
United States District Judge

_____
ROBERT J. BRYAN
United States District Judge

ORDER
Page - 3